CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
OCT 20 2014
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BRADLEY MAXWELL,<br>　　Plaintiff, | Civil Action No. 7:14-cv-00487 |
| v. | MEMORANDUM OPINION |
| HAROLD CLARKE, et al.,<br>　　Defendants. | By:　Hon. Jackson L. Kiser<br>　　　Senior United States District Judge |

　　Bradley Maxwell, a Virginia inmate proceeding pro se, filed a Complaint pursuant to 42 U.S.C. § 1983, naming various staff of the Virginia Department of Corrections and the Wallens Ridge State Prison ("WRSP") as defendants. Plaintiff complains that he has been in WRSP's segregation housing for an unspecified, "long" time and that he does not enjoy the same privileges as other inmates at WRSP, allegedly in violation of the Fourteenth Amendment's Equal Protection Clause. This matter is before me for screening, pursuant to 28 U.S.C. § 1915A. After reviewing Plaintiff's submissions, I dismiss the Complaint without prejudice for failing to state a claim upon which relief may be granted.

　　Plaintiff alleges that he has remained in WRSP's segregation unit although an institutional charge of simple assault was dismissed in July 2013. Consequently, Plaintiff does not enjoy the privileges that are available to other inmates at WRSP, like attending classes and vocational training, watching TV, and having more time in the shower and for outside recreation. Prison officials deferred Plaintiff's requests to be moved to a different housing unit with more privileges until he is eligible again to be reclassified and moved out of segregation.[1]

　　I must dismiss an action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2),

---

[1] Plaintiff's grievances, which he attached to the Complaint, indicate that in February 2014 he was ordered to remain in segregation until another hearing is held in six months.

1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim."[2] Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

Plaintiff fails to state a claim that a defendant violated a federal right. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff does not have a constitutional right to be placed in a specific security classification, and custodial classifications do not create a major disruption in a prisoner's environment. See, e.g., Sandin v. Conner, 515 U.S. 472, 486-87 (1995). States may create liberty interests protected by the Due Process Clause where the freedom from restraint imposed "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. . . ." Id. at 484. Plaintiff's classification and segregation does not exceed a sentence

---

[2] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe a pro se complaint, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

in such an extreme way as to give rise to the protection of the Due Process Clause by its own force. See Beverati v. Smith, 120 F.3d 500, 503 (4th Cir. 1997) (holding that administrative segregation for six months with vermin; human waste; flooded toilet; unbearable heat; cold food; dirty clothing, linens, and bedding; long periods in the cell; no outside recreation; no educational or religious services; and less food was not so atypical as to impose a significant hardship). Nor does an increase in Plaintiff's security classification constitute an "atypical and significant" hardship. See Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (rejecting a prisoner's argument that a pending warrant and detainer adversely affected his prison classification and qualification for institutional programs because not every state action carrying adverse consequences for prison inmates automatically activates a due process right). Furthermore, Plaintiff does not sufficiently state how he was treated differently from "similarly situated" inmates as a result of Defendants' intentional discrimination. See, e.g., Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). Plaintiff's reliance on the label and conclusion of "similarly situated" is not sufficient to satisfy that element of an equal protection claim. Twombly, 550 U.S. at 555. Accordingly, Plaintiff fails to state a claim upon which relief may be granted, and the Complaint is dismissed without prejudice.

ENTER: This 20th day of October, 2014.

Senior United States District Judge